RUTH ELIN AUERBACH, SBN 104191
Attorney at Law
77 Van Ness Avenue, Suite 201
San Francisco, CA 94102
Tel: (415) 673-0560
Fax: (415) 673-0562
e-mail: attorneyruth@sbcglobal.net

Attorney for Plaintiff/Debtor,
BRUGNARA PROPERTIES VI

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>BRUGNARA PROPERTIES VI,<br><br>    Debtor.<br>_____<br><br>BRUGNARA PROPERTIES VI,<br><br>    Plaintiff,<br>Vs.<br><br>PSG CAPITAL PARTNERS, INC., A California Corporation; PHILIP FUSCO; and JOHN DeVITO;<br><br>    Defendants.<br>_____ | Case No. 17-30501<br><br>Chapter 11<br><br><br><br>Adversary Proceeding No.<br><br><br>**COMPLAINT FOR DAMAGES**<br><br>**Breach of Contract;**<br>**Intentional Misrepresentation;** |

  BRUGNARA PROPERTIES VI ("Plaintiff" or "Debtor") hereby complains against defendants PSG CAPITAL PARTNERS, INC., a South Dakota Limited Liability Company, PHILIP FUSCO and JOHN DeVITO, (collectively, "Defendants"), and alleges as follows:

COMPLAINT FOR DAMAGES

1

## JURISDICTION AND VENUE

1. Plaintiff is a corporation duly organized under the laws of the State of California, who filed this Voluntary Petition under Chapter 11 of the U.S. Bankruptcy Code on May 22, 2017.

2. Defendant, PSG CAPITAL PARTNERS, INC. is a California corporation. Defendant purports to be a secured creditor of the Debtor.

3. Defendants, PHILIP FUSCO and JOHN DeVITO are individuals and are officers, directors or managers of Defendant PSG CAPITAL PARTNERS, INC..

4. This court has jurisdiction over this adversary proceeding under the provisions of Title 28 U.S.C. § 1334.

5. This is a core proceeding pending under 28 U.S.C. § 157(b)(2)(B) and (C). This adversary proceeding relates to the case of *In re BRUGNARA PROPERTIES VI,* Chapter 11 No. 17-30501, pending in the United States Bankruptcy Court for the Northern District of California, San Francisco. Plaintiff consents to the entry of a final judgment by the Bankruptcy Court.

6. The transactions, matter and occurrences hereinafter alleged all occurred, in whole, or in part in the Northern District of California, rendering this court, the proper venue for the trial of this action.

## FIRST CLAIM FOR RELIEF
### (*BREACH OF CONTRACT AGAINST PSG CAPITAL PARTNERS, INC.*)

7. In or about June 2016, Defendant PSG CAPITAL PARTNERS, INC., entered into a loan agreement with Plaintiff pursuant to which PSG CAPITAL PARTNERS, INC. promised to loan to Plaintiff the sum of $6,000,000 with interest at the rate of 12.95% per annum, for a period of 24 months. The Loan was to be secured by a second position deed of

COMPLAINT FOR DAMAGES

2

trust on the Debtor's property at 224 Seacliff Ave., San Francisco, California ("the Property").

8. The agreement between Plaintiff and Defendants was that the loan would be used to pay off existing second and third trust deeds against the Property and to provide the Plaintiff with operating capital to make repairs and loan payments.

9. Defendants were aware of Plaintiff's financial situation and its need for an immediate capital infusion. Defendants were aware that a prior lender, Dakota Note, had failed to perform on its promise to fund a loan to Plaintiff.

10. There were no conditions precedent to the agreement to make the loan. In reliance upon the promises made by Defendants that the loan would be funded promptly, Plaintiff's representatives signed the loan papers and provided the signed documents to First American Title Company.

11. In reliance upon the representations of Defendants that the loan would be funded, after loan documents were signed Plaintiff ceased looking for other sources of funding.

12. Defendants continued to promise over several months that the funds were delayed but would be promptly wired to the title company, First American Title, and that escrow would in fact close.

13. Defendants failed to fund the loan. Instead, because they knew Plaintiff needed money right away, Defendants made a "temporary" loan in the amount of $1,500,000 to Plaintiff and took back a fourth position deed of trust on the Property ("the new loan"). The new loan, after payment of points, fees and advance interest, amounted to a loan with an effective interest rate of between 60-100%.

COMPLAINT FOR DAMAGES

3

14. Plaintiff agreed to this transaction only because of the repeated promises by Defendants that they would replace this illegal loan with the $6,000,000 loan for which the loan documents had already been signed.

15. Because of the Defendant's failure to fund the new loan, Plaintiff was unable to complete the capital repairs to the Property, and to pay off the second and third notes. As a result of this, Dakota Note began foreclosure proceedings against the property.

16. Plaintiff has been damaged as a result of the actions of Defendants in that it has incurred substantial interest expense and has been unable to make necessary improvements to the Property reducing the amount of equity the Plaintiff has and should have had in the Property. The exact amount of Plaintiff's damages is not yet known. Plaintiff will amend this Complaint to assert the exact amount when it has been ascertained.

17. The Agreement provides for the payment of attorneys' fees and expenses in the event of a default. The exact amount of Plaintiff's attorneys' fees and expenses is not yet known, and Plaintiff will amend this Complaint to assert the amount of fees and expenses when the amount has been ascertained.

**SECOND CLAIM FOR RELIEF**
(*INTENTIONAL MISREPRESENTATION AGAINST ALL DEFENDANTS*)

18. Plaintiff refers to Paragraphs 1 through 17 above and incorporates those paragraphs herein as if more fully set forth

19. In connection with the loan agreement described above, defendants, represented to Plaintiff that they would make the $6,000,000 loan to Plaintiff and that they had the funds to make the loan. The representations continued being made up to the date of the filing of this Chapter 11 case.

20. The representations made by Defendants were in fact false. Defendants never intended to make the loan. The representations were made with the intent of inducing

COMPLAINT FOR DAMAGES

4

Plaintiff to enter into the second, more costly, loan agreement with Defendants. Defendants knew that if the second loan were not made, Plaintiff would be unable to make the payments due under the original Note and Defendants would be able to foreclose on the Property and reap the benefit of the substantial equity in the Property.

21. As a result of Defendants' representations, Plaintiff has been damaged as set forth above in an amount to be proven at trial.

22. Defendants actions were willful and malicious and designed to and did cause serious injury to Plaintiff. Plaintiff is entitled to punitive damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For damages according to proof ;

2. For punitive damages according to proof;

3. For Plaintiff's costs of suit;

4. For Plaintiff's attorneys' fees; and

5. For such other and further order as the Court deems proper.

Dated: July 20, 2017                    LAW OFFICE OF RUTH AUERBACH

                                        By:___/s/ Ruth Elin Auerbach_____
                                        RUTH ELIN AUERBACH, Attorney for
                                        Plaintiff, BRUGNARA PROPERTIES VI

COMPLAINT FOR DAMAGES

5